IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :

ALFREDO A. CASTELLANOS BAYOUTH:     CASE NO. 04-11496(SEK)

    DEBTOR                          :     CHAPTER 7
------------------------------

## OPINION AND ORDER

Should we vacate our August 19th Order appointing Alfredo Castellanos Bayouth as special counsel for the Trustee to prosecute a civil action for breach of contract and damages referred to U. S. District Judge, Joseph A. DiCelrico, Jr. from the District of New Hampshire, sitting be designation in Puerto Rico?

This matter was brought to our attention by the following statements contained in Judge DiClerico, Jr.'s August 17th order.

> In the "Urgent Notice", the plaintiffs explain that the trustee in the bankruptcy proceeding, Zerbe, has applied for the appointment of an attorney to act as his representative in the Castellanos's civil suit. In that application, Zerbe requests the appointment of Castellanos to represent Zerbe in this case. Zerbe states in his motion: "That to the best of my knowledge and belief, Alfredo A. Castellano [sic] Bayouth, Esq. is a 'disinterested person', [sic] as said term is defined by 11 USC 101 (14)." Castellanos provided his affidavit in support of Zerbe's motion, in which he states in pertinent part: "That to the best of my knowledge and belief, the undersigned [Alfredo Castellanos] is a 'disinterested person', [sic] as said term is defined in 11 USC 101(14) ... has no connection with debtor. ..."

> Because ... Castellanos is the debtor in the bankruptcy proceeding, the court does not understand the meaning of his statement in his affidavit that he has no connection with the debtor. Castellanos shall provide an explanation for that statement within the time allowed by the cCourt. If the affidavit statement is not correct, Castellanos shall immediately provide a corrected and accurate affidavit to the bankruptcy court.

> On September 6, 2005, Castellanos filed his amended certificate,

2

"in which he omitted he had no connection with the Debtor. ... The court expects the bankruptcy court to act promptly in determining whether it will vacate the appointment of Castellanos as counsel for Zerbe, based on Castellanos certificate which does not meet the requirements of § 101(14)." See Judge DiClerico, Jr.'s September 19th order.

In response to this order, we do not vacate our order appointing Alfredo Castellanos Bayouth as special counsel for the Trustee pursuant to 11 U.S.C. § 327(e) because "[s]uch attorney need not be 'disinterested', as is otherwise required by section 327(a), provided that ... [he] represents or holds no interest adverse to the debtor or to the estate in respect of the matter upon which the attorney has been engaged." 3 *Collier On Bankruptcy*, § 327.04[9] (15th ed. rev.). Indeed, "the subsection authorizes employment of an attorney in certain cases, **notwithstanding the attorney's prior connection with the debtor**, in order to permit the estate to take advantage of that attorney's special knowledge and experience if it may substantially benefit the estate." 3 *Collier On Bankruptcy*, § 327.04[9][d] (15th ed. rev.)(Our emphasis).

We hereby order the  Clerk to notify this Order to Judge Joseph A. DiClerico, Jr., referring to <u>Alfredo Castellanos Bayouth v. Alejandra Guzmán Pinal and Luis Olmos Dueas</u>, NH Civil No. 05-ds-0210JDF, PR Civil No. 02-2357, and the parties in interest in this bankruptcy case.

**SO ORDERED**, in San Juan, Puerto Rico, on September 22, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge