**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF      :

ALFREDO CASTELLANOS BAYOUTH,  :   CASE NO. 04-11496(SEK)

     DEBTOR            :   CHAPTER **FILED & ENTERED**

---------------------------------

**JUL  9 2007**

**OPINION AND ORDER**   CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

Alfredo Castellanos Bayouth, Esq. ("Castellanos") seeks payment of professional fees for services rendered on behalf of the estate. Allied Management objects. The parties submitted the matter, waiving their right to a hearing. For reasons that follow we grant the fees requested.



The Trustee filed an application for appointing Castellanos as special counsel to prosecute a suit against the artist Alejandra Guzmán, pending in the U.S. District Court for the District of Puerto Rico ("the suit"). After the District Court dismissed all plaintiffs except Castellanos, his spouse and their conjugal society, the parties settled, producing $100,000 for this estate in bankruptcy. Castellanos now seeks payment for his professional services rendered in the suit based upon a contingent fee agreement of 33% of any award. He provided a breakdown of these services by describing the tasks performed for a given period of time on specific dates.

Allied Management filed proof of claim #9 for approximately

$34,000 due to pre petition rent and other charges owed by this estate.[1] Hence, Allied is a creditor with standing to object, and the issue is a core matter within the exclusive jurisdiction of this court.[2]

Allied objects to payment of all fees because: (1) Castellanos' association with Alfredo Castellanos Law Firm, P.S.C. and Castellanos & Castellanos Law Firm, P.S.C. while he prosecuted the suit on behalf of the estate, created an adverse interest between this bankruptcy estate and the mentioned law firms as creditors of this estate.[3] We have difficulty understanding this argument and believe it has already been addressed in Exhibit A, which we incorporate and make part of this opinion.

Next, Allied argues we should deny all fees as the application does not comply with 11 U.S.C. § 330(a)(3). Allied does not elaborate this argument. We note that the suit was the only asset of this estate, and Castellanos' efforts resulted in a settlement, providing the estate with $100,000 for distribution.



---

[1] The attached lease agreement shows Alfredo Castellanos Bayouth also appeared "in his personal capacity in order to jointly and severally guarantee with the Tenant all the terms and conditions of the lease."

[2] 28 U.S.C. §§ 157(b)(2)(O) and 1334.

[3] The last day for non governmental creditors to file their claims transpired and the Law Firms have not filed proofs of claims.

2

We also note Allied's claims concerning use of an inappropriate hourly rate are irrelevant, since Castellanos fees were for a percentage of any award that might be entered. Hence, we disregard Allied's generalized objections, devoid of useful development that might help us assess the propriety of Castellanos' fee request. U.S. v. Zanino, 895 F.2d 1, 17(1st Cir. 1990); Ramallo Bros. Printing, Inc. v. El Día,Inc., ___F.3d___, 2007 W.L. 1732889 (C.A.1, June 18, 2007).

Our review of the application's supplemental entries shows the services rendered were necessary, and these were performed within a reasonable period of time, in exchange for appropriate remuneration, considering equivalent fees charged by bankruptcy and non bankruptcy practitioners in our legal community. Castellanos' description of his services is also adequate and sufficiently explicit so as to meet the loadstar standard.

**WHEREFORE,** Castellanos' application for payment of fees as supplemented is approved. The Trustee shall disburse $33,000 requested in accordance with the law.

**SO ORDERED,** in San Juan, Puerto Rico, on July 9, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :

ALFREDO A. CASTELLANOS BAYOUTH:    CASE NO. 04-11496(SEK)

    DEBTOR                          :    CHAPTER 7
------------------------------

OPINION AND ORDER

Should we vacate our August 19th Order appointing Alfredo Castellanos Bayouth as special counsel for the Trustee to prosecute a civil action for breach of contract and damages referred to U. S. District Judge, Joseph A. DiCelrico, Jr. from the District of New Hampshire, sitting be designation in Puerto Rico?

This matter was brought to our attention by the following statements contained in Judge DiClerico, Jr.'s August 17th order.

> In the "Urgent Notice", the plaintiffs explain that the trustee in the bankruptcy proceeding, Zerbe, has applied for the appointment of an attorney to act as his representative in the Castellanos's civil suit. In that application, Zerbe requests the appointment of Castellanos to represent Zerbe in this case. Zerbe states in his motion: "That to the best of my knowledge and belief, Alfredo A. Castellano [sic] Bayouth, Esq. is a 'disinterested person', [sic] as said term is defined by 11 USC 101 (14)." Castellanos provided his affidavit in support of Zerbe's motion, in which he states in pertinent part: "That to the best of my knowledge and belief, the undersigned [Alfredo Castellanos] is a 'disinterested person', [sic] as said term is defined in 11 USC 101(14) ... has no connection with debtor. ..."

> Because ... Castellanos is the debtor in the bankruptcy proceeding, the court does not understand the meaning of his statement in his affidavit that he has no connection with the debtor. Castellanos shall provide an explanation for that statement within the time allowed by the cCourt. If the affidavit statement is not correct, Castellanos shall immediately provide a corrected and accurate affidavit to the bankruptcy court.

On September 6, 2005, Castellanos filed his amended certificate,

2

"in which he omitted he had no connection with the Debtor. ... The court expects the bankruptcy court to act promptly in determining whether it will vacate the appointment of Castellanos as counsel for Zerbe, based on Castellanos certificate which does not meet the requirements of § 101(14)." See Judge DiClerico, Jr.'s September 19th order.

In response to this order, we do not vacate our order appointing Alfredo Castellanos Bayouth as special counsel for the Trustee pursuant to 11 U.S.C. § 327(e) because "[s]uch attorney need not be 'disinterested', as is otherwise required by section 327(a), provided that ... [he] represents or holds no interest adverse to the debtor or to the estate in respect of the matter upon which the attorney has been engaged." 3 *Collier On Bankruptcy*, § 327.04[9] (15th ed. rev.). Indeed, "the subsection authorizes employment of an attorney in certain cases, **notwithstanding the attorney's prior connection with the debtor**, in order to permit the estate to take advantage of that attorney's special knowledge and experience if it may substantially benefit the estate." 3 *Collier On Bankruptcy*, § 327.04[9][d] (15th ed. rev.)(Our emphasis).

We hereby order the Clerk to notify this Order to Judge Joseph A. DiClerico, Jr., referring to <u>Alfredo Castellanos Bayouth v. Alejandra Guzmán Pinal and Luis Olmos Dueas</u>, NH Civil No. 05-ds-0210JDF, PR Civil No. 02-2357, and the parties in interest in this bankruptcy case.

SO ORDERED, in San Juan, Puerto Rico, on September 22, 2005.

SARA DE JESÚS
U.S. Bankruptcy Judge